UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |  |
|---|---|---|
| ADAM KAMINSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-118-JMS-WGH |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Adam Kaminski ("Kaminski") is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Southern District of Iowa.

Whereupon the court, having considered the petition for a writ of habeas corpus, the United States' response and Kaminski's reply, and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1.   Kaminski is serving the executed portion of the sentence imposed in No. 3:07-CR-0529-001 on March 25, 2009. His claim is that his conviction, including aspects of his enhanced sentence, is infirm.

2.   A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

3. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

   a. "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

   b. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

4. Kaminski pled guilty to the underlying offenses pursuant to a plea agreement. His direct appeal was dismissed, *see United States v. Kaminski,* 364 Fed. Appx. 303 (8th Cir. 2010), and no motion for relief pursuant to 28 U.S.C. § 2255 has been filed.

5. No circumstances identified by Kaminski render a remedy pursuant to 28 U.S.C. § 2255 "inadequate or ineffective to test the legality of [the] detention." The savings clause of § 28 U.S.C. § 2255(e) is thus not available to him for the purpose of attacking his underlying conviction and sentence. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 11/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Adam Kaminski, Reg. No. 11018-424, Terre Haute–USP, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808

**Electronically Registered Counsel**